IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LAURA L. LA RAVIA o/b/o
MATTHEW D. LA RAVIA                                          PLAINTIFF

     v.                                    CIVIL NO. 16-2075

NANCY A. BERRYHILL,[1] Commissioner
Social Security Administration                               DEFENDANT

## MEMORANDUM OPINION

Laura L. La Ravia, on behalf of Matthew D. La Ravia (hereinafter "Plaintiff"), brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying Plaintiff's claims for period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff protectively filed his current application for DIB on December 27, 2012, alleging an inability to work since February 1, 2010, due to a cerebral arteriovenous malformation and chronic migraine headaches. (Doc. 11, pp. 251, 359). For DIB purposes, Plaintiff maintained insured status through March 31, 2014. (Doc. 11, pp. 90, 363). An

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

administrative hearing was held on March 24, 2014, at which Plaintiff appeared with counsel and testified. (Doc. 11, pp. 204-248).

By written decision dated November 10, 2014, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Doc. 11, p. 92). Specifically, the ALJ found that through the date last insured Plaintiff had the following severe impairments: migraine headaches, hypertension, asthma and obesity. However, after reviewing all of the evidence presented, the ALJ determined that through the date last insured Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Doc. 11, p. 93). The ALJ found that through the date last insured Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) except the claimant cannot climb ladders, ropes, or scaffolds; the claimant must avoid concentrated exposure to temperature extremes, humidity, fumes, odors, dusts, gasses, and poor ventilation; the claimant must avoid all exposure to hazards including no driving as a part of work; and the claimant must avoid work which involves exposure to noise above a level 3.

(Doc. 11, p. 93). With the help of a vocational expert, the ALJ determined that through the date last insured, Plaintiff could perform his past relevant work as an operations manager and a distribution manager. (Doc. 11, p. 98).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional evidence submitted by Plaintiff, denied that request on February 19, 2016. (Doc. 11, p. 5-9). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 12, 13).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 404.1520.

### III. Discussion:

Plaintiff argues the following issues on appeal: 1) the ALJ's RFC determination is inconsistent with the record; and 2) the ALJ erred in determining Plaintiff could perform his past relevant work.

#### A. Insured Status and Relevant Time Period:

In order to have insured status under the Act, an individual is required to have twenty quarters of coverage in each forty-quarter period ending with the first quarter of disability. 42 U.S.C. § 416(i)(3)(B). Plaintiff last met this requirement on March 31, 2014. Regarding Plaintiff's application for DIB, the overreaching issue in this case is the question of whether Plaintiff was disabled during the relevant time period of February 1, 2010, his alleged onset

4

date of disability, through March 31, 2014, the last date he was in insured status under Title II of the Act.

In order for Plaintiff to qualify for DIB he must prove that on or before the expiration of his insured status he was unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which is expected to last for at least twelve months or result in death. Basinger v. Heckler, 725 F.2d 1166, 1168 (8th Cir. 1984). Records and medical opinions from outside the insured period can only be used in "helping to elucidate a medical condition during the time for which benefits might be rewarded." Cox v. Barnhart, 471 F.3d 902, 907 (8th Cir. 2006) (holding that the parties must focus their attention on claimant's condition at the time she last met insured status requirements).

**B.   Subjective Complaints and Symptom Evaluation:**

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id.  As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards, 314 F.3d at 966.

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. A review of the

record reveals that during the relevant time period, Plaintiff was able to take care of his personal needs; to do household chores; to drive; to watch television; to build furniture and do yard work; and to socialize with others. Plaintiff argues that the ALJ did not properly address the limits Plaintiff had while experiencing a migraine. After reviewing the record as a whole, the Court finds substantial evidence to support the ALJ's determination that the record does not support the frequency or intensity of headaches reported by Plaintiff during the time period in question.

A review of the record revealed Plaintiff alleged experiencing disabling migraine headaches during the time period in question. In addressing Plaintiff's migraine headaches, the ALJ pointed out that when Plaintiff took his hypertension medication as prescribed, Plaintiff experienced a decrease in his migraine headache frequency. The record further revealed that Plaintiff did not seek treatment from April of 2010 until May of 2012. In May of 2012, Plaintiff reported that he had been out of his blood pressure medication for a few weeks and was seeking a prescription refill. Dr. Von Phomakay assessed Plaintiff with hypertension and prescribed medication. It is noteworthy that Plaintiff did not report experiencing chronic headaches to Dr. Phomakay as Plaintiff was assessed with only hypertension. Had Plaintiff experienced his headaches at the intensity and frequency expressed during the administrative hearing, the ALJ found that Plaintiff would have reported his migraines when he sought medical treatment. The record further revealed that Plaintiff did not report ongoing problems with migraines when he sought treatment in August of 2012. The record indicates that Plaintiff did not seek treatment again until after the expiration of his insured status. After reviewing the record as a whole, the Court finds substantial evidence to support the ALJ's determination that Plaintiff did not have disabling migraines.

Regarding Plaintiff's mental functioning, the record showed Plaintiff sought no treatment for these alleged impairments prior to the expiration of his insured status. See Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. 2001) (holding that lack of evidence of ongoing counseling or psychiatric treatment for depression weighs against plaintiff's claim of disability). The record reveals Plaintiff began to experience some serious mental problems during the latter half of 2014. However, this was well after Plaintiff's insured status had expired. Based on the record as a whole, the Court finds substantial evidence to support the ALJ's determination that Plaintiff did not have a disabling mental impairment prior to the expiration of his insured status.

The Court would note that while Plaintiff alleged an inability to seek treatment due to a lack of finances, the record is void of any indication that Plaintiff had been denied treatment due to the lack of funds. Murphy v. Sullivan, 953 F.3d 383, 386-87 (8th Cir. 1992) (holding that lack of evidence that plaintiff sought low-cost medical treatment from her doctor, clinics, or hospitals does not support plaintiff's contention of financial hardship).

With regard to the testimony of Plaintiff's wife, the ALJ properly considered this evidence but found it unpersuasive. This determination was within the ALJ's province. See Siemers v. Shalala, 47 F.3d 299, 302 (8th Cir. 1995); Ownbey v. Shalala, 5 F.3d 342, 345 (8th Cir. 1993).

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, he has not established that he was unable to engage in any gainful activity prior to the expiration of his insured status. Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

## C. ALJ's RFC Determination:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In finding Plaintiff able to perform light work with limitations prior to the expiration of his insured status, the ALJ considered Plaintiff's subjective complaints, the medical records, and the evaluations of the non-examining medical examiners. Plaintiff's capacity to perform this level of work is supported by the fact that Plaintiff's examining physicians placed no restrictions on his activities that would preclude performing the RFC determined during the relevant time period. See Hutton v. Apfel, 175 F.3d 651, 655 (8th Cir. 1999) (lack of physician-imposed restrictions militates against a finding of total disability). The ALJ also took Plaintiff's obesity into account when determining that Plaintiff could perform light work with limitations. Heino v. Astrue, 578 F.3d 873, 881-882 (8th Cir. 2009) (when an ALJ references the claimant's obesity during the claim evaluation process, such review may be

sufficient to avoid reversal).  After reviewing the entire transcript, the Court finds substantial evidence supporting the ALJ's RFC determination for the time period in question.

### D. Past Relevant Work:

Plaintiff has the initial burden of proving that he suffers from a medically determinable impairment which precludes the performance of past work. Kirby v. Sullivan, 923 F.2d 1323, 1326 (8th Cir. 1991).  Only after the claimant establishes that a disability precludes the performance of past relevant work will the burden shift to the Commissioner to prove that the claimant can perform other work. Pickner v. Sullivan, 985 F.2d 401, 403 (8th Cir. 1993).

According to the Commissioner's interpretation of past relevant work, a claimant will not be found to be disabled if he retains the RFC to perform:

> 1. The actual functional demands and job duties of a particular past relevant job; *or*
>
> 2. The functional demands and job duties of the occupation as generally required by employers throughout the national economy.

20 C.F.R. §§ 404.1520(e); S.S.R. 82-61 (1982); Martin v. Sullivan, 901 F.2d 650, 653 (8th Cir. 1990)(expressly approving the two part test from S.S.R. 82-61).

The Court notes in this case the ALJ relied upon the testimony of a vocational expert, who after listening to the ALJ's proposed hypothetical question which included the limitations addressed in the RFC determination discussed above, testified that the hypothetical individual would be able to perform Plaintiff's past relevant work. See Gilbert v. Apfel, 175 F.3d 602, 604 (8th Cir. 1999) ("The testimony of a vocational expert is relevant at steps four and five of the Commissioner's sequential analysis, when the question becomes whether a claimant with a severe impairment has the residual functional capacity to do past relevant work or other

work") (citations omitted).  Accordingly, the Court finds substantial evidence to support the ALJ's finding that prior to the expiration of his insured status Plaintiff could perform his past relevant work as an operations manager and a distribution manager as these jobs are performed in the national economy.

**IV.    Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed.  The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 4th day of May, 2017.

/s/  *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE